12-3267-cv
Sanchez-Vazquez v. Rochester City School District, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                    Chief Judge,
            ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
LUIS O. SANCHEZ-VAZQUEZ,
        Plaintiff-Appellant,

        -v.-                    12-3267-cv

ROCHESTER CITY SCHOOL DISTRICT,
SUPERVISOR GLEN DUNFORD, supervisor,
individually,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    CHRISTINA A. AGOLA, Christina A.
                            Agola, PLLC, Brighton, NY.

APPEARING FOR APPELLEES:    EDWIN LOPEZ-SOTO, General
                            Counsel (Michael E. Davis, of

1

counsel), Rochester City School District, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Luis O. Sanchez-Vazquez appeals from the judgment of the United States District Court for the Western District of New York (Siragusa, J.), dismissing the complaint on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"This Court 'review[s] de novo a district court's dismissal of a complaint pursuant to [Fed. R. Civ. P.] 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor.'" Rombach v. Chang, 355 F.3d 164, 169 (2d Cir. 2004) (quoting Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000)).

Hostile work environment claims, whether under 42 U.S.C. § 1981 or the New York Human Rights Law ("NYHRL"), can be analyzed pursuant to the core substantive standards that apply to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. See Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1177 (2d Cir. 1996). A hostile work environment "is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks and citations omitted). "Isolated instances of harassment ordinarily do not rise to this level." Id.

Considered in their totality and viewed in the light most favorable to Sanchez-Vazquez, the offensive incidents alleged are insufficient to raise a genuine issue for trial as to severity or pervasiveness. Sanchez-Vazquez alleges

2

five incidents, over four years, based on his race and national origin.  This Circuit has "found triable issues of fact only where the harassment was of greater frequency and severity than anything" Sanchez-Vazquez has demonstrated.  See Alfano v. Costello, 294 F.3d 365, 379 (2d Cir. 2002) (five incidents occurring over more than four years).

Moreover, only three of the five statements alleged by Sanchez-Vazquez can be construed as race related in character.  Although this Court can include all statements, even facially neutral ones, "among the 'totality of the circumstances' that courts consider in any hostile work environment claim," id. at 378, the ambiguous nature of these statements further weakens any inference that the conditions were so severe as to state a claim for a racially hostile work environment.

We affirm dismissal regarding Sanchez-Vazquez's claims of municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).  Sanchez-Vazquez fails to show that the challenged acts were performed pursuant to a municipal policy or custom.  Id. 692-94.

We have considered all of Sanchez-Vazquez's contentions on this appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3